IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVIN O'GRADY, | ) | |
|     Plaintiff, | ) | C.A. No. 15-298 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| EILEEN SUMMERS, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

# MEMORANDUM OPINION[1]

United States Magistrate Judge Susan Paradise Baxter

## I. INTRODUCTION

### A. Relevant Procedural and Factual History

On December 14, 2015, Plaintiff, Devin O'Grady, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. §1983. Named as Defendants to this action are: Nurse Eileen Summers ("Summers") and Nurse Sherry Hoffman ("Hoffman"). Plaintiff alleges Defendants were deliberately indifferent towards his serious medical needs.

On September 24, 2015, at 6:00 am, Plaintiff alleges he began experiencing abnormal swelling and severe pain in his left hand. (ECF No. 3, ¶ 2). Plaintiff contends he informed a correctional officer of the issue but the medical department refused to provide assistance for him. (Id. at ¶¶ 3-4). Several hours later, Defendant Summers went to Plaintiff's housing unit to deliver medications to other inmates. (Id. at ¶ 8). Plaintiff contends he told Defendant Summers of his excruciating pain, as well as the condition of his hand and arm, which continued to swell and

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. [ECF Nos. 4, 12].

form red striations. (Id. at ¶ 8-10). However, Plaintiff alleges Defendant Summers "shrugged her shoulders and walked away from Plaintiff without providing him any medical treatment." (Id., ¶ 12).

Plaintiff continued to make complaints to SCI-Forest staff throughout the day until he was taken to the medical department at 5:00 pm. (Id. at ¶¶ 16-17). There, Plaintiff met Defendant Hoffman, who stated there was nothing she could do other than to leave a note for the doctor to see Plaintiff the following day. (Id. at ¶ 19). Plaintiff alleges Defendant Hoffman did not examine Plaintiff or check for vitals but instead sent Plaintiff back to his cell. (Id. at ¶¶ 21, 23).

On September 25, 2015, SCI-Forest's Doctor Pavock examined Plaintiff and prescribed antibiotics for his arm and hand. (Id. at ¶ 31). Two days later, Plaintiff was transported to a local hospital where he was diagnosed with Methicillin-resistant Staphylococcus aureus ("MRSA"), and he ultimately required surgery to have the infection removed. (Id. at ¶¶ 42-43).

Plaintiff claims that Defendants' lack of medical assistance on September 24, 2015, constituted deliberate indifference to his serious medical needs, causing him an unnecessary infliction of severe pain, in violation of the eighth amendment to the United States Constitution. Defendants have filed a motion to dismiss arguing that Plaintiff fails to state a claim. [ECF No. 13]. Despite having ample time to do so, Plaintiff has neither filed an opposition brief nor requested an extension of time within which to do so. Thus, the Court will deem Defendant's motion to dismiss unopposed by Plaintiff, and this matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. V. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for

enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." Tacinda Corp. v. DaimlerChrysler AG, 197 F. Supp.2d 42, 53 (D.Del 2002) citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Indeed, the Supreme Court has held that complaint is properly dismissed under Rule 12(b) where it does not allege "enough facts to state a claim to relief that is plausible on its facts," Twombly, 550 U.S. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The question is not whether the plaintiff will prevail in the end but, rather, whether the plaintiff is entitled to offer evidence in support of his or her claims. Swope v. City of Pittsburgh, 90 F.Supp.3d 400, 405 (W.D. Pa. 2015) citing Oatway v. American International Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with measure of tolerance"). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a compliant in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

## II. Discussion

### A. Deliberate Indifference

Defendants argue that Plaintiff has failed to allege sufficient facts to suggest that they exhibited deliberate indifference towards his serious medical needs in violation of his Eighth Amendment rights.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference

on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr'al. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference can be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

However, mere misdiagnosis or negligent treatment is not actionable under § 1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

Deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D. Pa. 2000) ("[C]ourts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). There is necessarily a distinction between a case in which the prisoner claims a

complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment. United States ex rel. Walker v. Fayette County, 599 F.2d 533, 575 n.2 (3d Cir. 1979). "Mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. White v. Napoleon, 987 F.2d 103, 110 (3d Cir. 1990).

Here, Defendants contend that Plaintiff received medical treatment in a timely manner. In particular, Defendants emphasize Plaintiff received medical examinations and treatment from multiple SCI-Forest staff, as well as a surgical procedure at a local hospital, within days of his initial medical request. Defendants assert that Plaintiff's allegations merely arise from his disagreement with the particular type of medical care he received. As such, Defendants contend a mere disagreement in a treatment plan cannot serve as a basis for an Eighth Amendment claim.

Defendants' argument is inapposite here because Plaintiff does not base his complaint upon the type of treatment SCI-Forest provided after the medical staff examined him. Instead, Plaintiff's allegations focus on the absence of medical attention from Defendants on September 24, 2015. In particular, Plaintiff alleges that when he described the pain to Defendant Summers, she "shrugged her shoulders and then walked away from Plaintiff without providing him any medical treatment." (ECF No. 3, ¶ 12). Additionally, when Plaintiff went to the medical department, Plaintiff contends that Defendant Hoffman simply stated there was nothing she could do for him and sent him back to his cell without an examination. (Id. at ¶¶ 19, 21). Plaintiff alleges he experienced unnecessary pain and suffering on September 24 and 25 as he awaited medical treatment.

If the evidence establishes that Defendants were aware of Plaintiff's painfully swollen hand and discolored arm on September 24, 2015, yet disregarded his condition, a reasonable trier

of fact could conclude that Defendants were deliberately indifferent to Plaintiff's serious medical needs. The Court recognizes that discovery may well reveal that the alleged conduct of Defendants does not give rise to a deliberate indifference claim, but at this early stage of the litigation, the allegations of Plaintiff's Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor. The Court finds that Plaintiff has alleged enough to create a plausible deliberate indifference claim against Defendants that will be allowed to proceed beyond the pleading stage. Therefore, Defendants' motion to dismiss Plaintiff's claim will be denied.

### B. Punitive Damages

Defendants also argue that punitive damages are not an available remedy for the claims brought by Plaintiff. The Court disagrees.

Punitive damages may be awarded based on a constitutional violation, provided the proper showing is made. Allah v. Al-Hafeez, 226 F.3d 247, 251–52 (3d Cir. 2000); See Alexander v. Riga, 208 F.3d 419, 430 (3d Cir.2000); see also Smith v. Wade, 461 U.S. 30, 56, (1983) (stating punitive damages may be awarded under 42 U.S.C. § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."). "The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 307 (1986).

Here, Plaintiff has sufficiently alleged that Defendants demonstrated callous disregard for his medical needs to leave open the possibility of establishing a right to punitive damages. It is certainly possible that Plaintiff's discovery could uncover evidence that would be significant to a

punitive damages analysis. Therefore, this Court will not bar Plaintiff from claiming punitive damages at this early stage of the proceedings.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date:   March 14, 2017